IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**KARL J. KOLENICH**,

       Plaintiff,

v.                                              CIVIL ACTION NO. 2:19-CV-38
                                                      (BAILEY)
**HIGHMARK WEST VIRGINIA**, **INC.**,
d/b/a Highmark Blue Cross Blue Shield
West Virginia,

       Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR AUTHORITY TO CONDUCT DISCOVERY OUTSIDE OF THE ADMINISTRATIVE RECORD, DENYING PLAINTIFF'S MOTION FOR HEARING ON PLAINTIFF'S MOTION FOR AUTHORITY TO CONDUCT DISCOVERY OUTSIDE OF THE ADMINISTRATIVE RECORD, AND DENYING AS MOOT MOTION FOR ADDITIONAL TIME TO DISCLOSE EXPERT WITNESSES**

On this day, the above-styled matter came before this Court for consideration of Plaintiff's Motion for Authority to Conduct Discovery Outside of the Administrative Record [Doc. 37] and Plaintiff's Motion for Hearing on Plaintiff's Motion for Authority to Conduct Discovery Outside of the Administrative Record [Doc. 39], both filed on April 8, 2020. Plaintiff's Motion for Additional Time to Disclose Expert Witnesses [Doc. 42], filed May 13, 2020, is also pending before this Court.

In Plaintiff's Motion for Authority to Conduct Discovery Outside of the Administrative Record, plaintiff asks this Court to "allow Plaintiff to conduct discovery on the issue of how Defendant calculated his benefits, as Defendant has never clearly communicated the same to Plaintiff." [Doc. 37 at 2]. Specifically, plaintiff seeks information regarding defendant's "in-network providers and their rates, how the Plaintiff's benefit was calculated and what

1

materials are given to Plaintiff as a beneficiary of the Plan to choose any in-network provider[]." [Id. at 4].

In response, defendant argues that plaintiff's Motion is "an impermissible attempt to end-run the normal procedures for resolving discovery disputes. Rather than move to compel any specific discovery, Plaintiff seeks an advisory opinion . . . [and] 'authority' to conduct broad discovery.'" [Doc. 41 at 1–2]. Furthermore, defendant argues the Motion is moot because defendant "has repeatedly advised Plaintiff . . . that it is willing to provide discovery regarding calculation of the Plan Allowance. [Defendant] has agreed to provide a corporate representative to testify regarding the handling of Plaintiff's claims and how [defendant] calculated the Plan Allowance." [Id. at 6]. Defendant states such deposition has simply been impossible at this time due to the current COVID-19 pandemic.

Upon consideration, this Court agrees with defendant. There are certainly situations in which it is appropriate to consider evidence outside of the administrative record in an ERISA case. See **Helton v. AT&T Inc.**, 709 F.3d 343, 356 (4th Cir. 2013) ("[A] district court may consider evidence outside of the administrative record on abuse of discretion review in an ERISA case when such evidence is necessary to adequately assess the **Booth** [**v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan**, 201 F.3d 335 (4th Cir. 2000)] factors and the evidence was known to the plan administrator when it rendered its benefits determination."); **Cotter v. Prudential Fin.**, 238 F.R.D. 567, 574 (N.D. W.Va. Nov. 7, 2006) (Seibert, M.J.) (identifying four areas where discovery may be appropriate). Here, however, plaintiff does not present any specific discovery requests which he contends received unsatisfactory responses from defendant. Instead, plaintiff seeks to conduct

broad discovery which, at least in part, seems more relevant to plaintiff's dismissed state law claims rather than the remaining ERISA claims.

At bottom, it is impossible for this Court to determine if certain discovery sought by plaintiff is appropriate or not because plaintiff has not presented any specific discovery requests for this Court to examine. While information regarding how defendant reached its decision with regard to plaintiff's insurance claims will be necessary for this Court to consider in deciding whether such decision was an abuse of defendant's discretion, this Court does not find it appropriate to grant plaintiff carte blanche in this respect.

Furthermore, defendant represents that it has agreed to provide a corporate representative to testify regarding the handling of plaintiff's claims and how defendant calculated the plan allowance for plaintiff's claims. *See* [Docs. 41 at 4–5, 44 at 2]. Such would seem to directly address the subject of the discovery plaintiff seeks in the instant Motion: "[H]ow Defendant calculated [plaintiff's] benefits." [Doc. 37 at 2]. Thus, as defendant has already agreed to discovery outside of the administrative record on the issue at the heart of plaintiff's Motion, this Court is confident the parties can work out this issue amongst themselves. If they cannot, then plaintiff may make an appropriate motion pursuant to Federal Rule of Civil Procedure 37.

Accordingly, for the reasons stated above, Plaintiff's Motion for Authority to Conduct Discovery Outside of the Administrative Record **[Doc. 37]** is hereby **DENIED**. Furthermore, as this Court finds that the contentions of the parties are adequately presented in the materials before it and that oral argument would not aid the decisional process, Plaintiff's Motion for Hearing on Plaintiff's Motion for Authority to Conduct Discovery Outside of the Administrative Record **[Doc. 39]** is hereby **DENIED**. Finally, as this Court has already

granted the parties' Joint Motion for Entry of Amended Scheduling Order [Docs. 44, 45], plaintiff's Motion for Additional Time to Disclose Expert Witnesses **[Doc. 42]** is hereby **DENIED AS MOOT**.

    It is so **ORDERED**.

    The Clerk is directed to transmit copies of this Order to counsel of record herein.

    **DATED:** May 21, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE